1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                      EASTERN DISTRICT OF CALIFORNIA

11

12

GEORGE AMES,                          1: 07 CV 01539  LJO  WMW HC

13
                        Petitioner,    FINDINGS  AND  RECOMMENDATIONS  RE
14                                      MOTION TO DISMISS PETITION FOR WRIT
                                        OF HABEAS CORPUS
15         v.

16                                      [Doc. 10]
KEN CLARK, WARDEN,

17
                        Respondent.
18 _____/

19

20

21
        Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28
22
U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28
23
U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to
24
dismiss.
25
                            **PROCEDURAL HISTORY**
26
        On July 5, 1988, Petitioner pleaded guilty to first degree murder with special circumstances.
27
The state court sentenced him to an indeterminate state prison term of life without the possibility of
28

1   parole.

2       Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate Division.

3   On September 7, 1989, the Court of Appeal affirmed the judgment.  Petitioner sought review in the

4   California Supreme Court, which the court denied on December 7, 1989.

5       Petitioner did not file any pro se post-conviction collateral challenges to his conviction.

6   Petitioner filed the present action on September 17, 2007.  In this action Petitioner raises two claims:

7   1) ineffective assistance of trial counsel, and 2) the trial court placed an unfair burden on him by

8   imposing a restitution fine which he cannot pay due to indigence.

9                                          **LEGAL STANDARD**

10  JURISDICTION

11      Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

12  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

13  the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

14  1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

15  the United States Constitution.  In addition, the conviction challenged arises out of the Kings

16  County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);

17  2241(d).  Accordingly, the court has jurisdiction over the action.

18      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

19  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

20  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

21  586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

22  F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

23  *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

24  to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

25  AEDPA, thus it is governed by its provisions.

26  STANDARD OF REVIEW

27      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

28  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

1  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2      The AEDPA altered the standard of review that a federal habeas court must apply with

3  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

4  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

5  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

6  involved an unreasonable application of, clearly established Federal law, as determined by the

7  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

8  determination of the facts in light of the evidence presented in the State Court proceeding." 28

9  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

10  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

11  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

12  concludes in its independent judgment that the relevant state-court decision applied clearly

13  established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather,

14  that application must be objectively unreasonable." Id. (citations omitted).

15      While habeas corpus relief is an important instrument to assure that individuals are

16  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

17  Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

18  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

19  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

20  determinations must be presumed correct, and the federal court must accept all factual findings made

21  by the state court unless the petitioner can rebut "the presumption of correctness by clear and

22  convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

23  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

24  1388 (9th Cir. 1997).

25                                          **DISCUSSION**

26      Respondent moves to dismiss this petition as untimely and barred by the statute of

27  limitations.  Petitioner opposes the motion.

28      The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

1  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

2  (d) reads:

3        (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
       corpus by a person in custody pursuant to the judgment of a State court.  The
4      limitation period shall run from the latest of –

5           (A) the date on which the judgment became final by the conclusion of direct
       review or the expiration of the time for seeking such review;

6

7           (B) the date on which the impediment to filing an application created by
       State action in violation of the Constitution or laws of the United States is removed, if
       the applicant was prevented from filing by such State action;

8

9           (C) the date on which the constitutional right asserted was initially recognized by
       the Supreme Court, if the right has been newly recognized by the Supreme Court and made
       retroactively applicable to cases on collateral review; or

10

11           (D) the date on which the factual predicate of the claim or claims presented
       could have been discovered through the exercise of due diligence.

12        (2) The time during which a properly filed application for State post-conviction or
       other collateral review with respect to the pertinent judgment or claim is pending shall
13      not be counted toward any period of limitation under this subsection.

14

15      In most cases, the limitation period begins running on the date that the petitioner's direct

16  review became final.  The AEDPA, however, is silent on how the one year limitation period affects

17  cases where direct review concluded *before* the enactment of the AEDPA.  The Ninth Circuit has

18  held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas

19  corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition

20  pursuant to § 2244(d)(1).  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th

21  Cir.), *cert. denied*, 118 S.Ct. 899 (1998);  Calderon v. United States Dist. Court (Kelly), 127 F.3d

22  782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such circumstances, the limitations

23  period would begin to run on April 25, 1996.  See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th

24  Cir. 2001).

25      In this case, the California Supreme Court denied Petitioner's petition for review on

26  December 7, 1989.  The time to seek review ended upon the expiration of the 90-day period

27  following denial of review  which Petitioner had to file a petition for writ of certiorari with the

28  United States Supreme Court: March 7, 1990.  Petitioner's review therefore ended before the

enactment of the AEDPA.  Thus, the statute of limitations began running on April 24, 1996.  Absent

tolling, Petitioner's last day to file a petition for writ of habeas corpus in federal court was therefore

April 23, 1997.

As set forth above, title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly

filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C.

§ 2244(d)(2).  Petitioner argues that he is entitled to statutory tolling for the following filings: 1) a

motion for modification of sentence filed in the Kings County Superior Court on March 7, 2007; 2)

a motion of opposition and reconsideration filed in the Kings County Superior Court of April 8,

2007; 3) a petition for writ of mandate for declaratory relief filed in the California Court of Appeal,

Fifth Appellate District, on May 13, 2007; and 4) a petition for writ of mandate filed in the

California Supreme Court on June 22, 2007.  Respondent argues in response that none of these

matters tolled the statute of limitations, because they were not applications for state post-conviction

relief or other collateral review with respect to the relevant judgment as required by 28 U.S.C.

§ 2244(d)(2).  The court agrees, and further notes that even if these petitions were applications for

state post-conviction relief or other collateral review with respect to the relevant judgment, they were

filed after the expiration of the statute of limitations on April 23, 1997.   Because the limitations

period had already expired, the filings could not have had any tolling consequence.  Green v. White,

223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period

has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002

WL 1346354 (N.D.Cal.2002).

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.

Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107

F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.

United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds*

*by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc)* (noting that

"[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if

1    'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on

2    time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to

3    file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.

4    Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at

5    1288-1289.  The court has examined the pleadings in this case and finds no basis for equitable

6    tolling.

7            Petitioner argues in his opposition to the motion to dismiss that he is not challenging his

8    conviction, but rather is challenging the imposition of the restitution fine.  However, Petitioner is

9    clearly challenging the restitution fine imposed at the time of sentencing in his controlling case.

10   Petitioner's argument is therefore meritless.

11

12           Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

13   1)      that Respondent's motion to dismiss be GRANTED;

14   2)      that this petition for writ of habeas corpus be DISMISSED as barred by the statute of

15           limitations;

16   3)      that the Clerk of the Court be directed to enter judgment for Respondent and to close this

17           case.

18

19           These Findings and Recommendation are submitted to the assigned United States District

20   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

21   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

22   thirty (30) days after being served with a copy, any party may file written objections with the court

23   and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

24   Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

25   ten (10) court days (plus three days if served by mail) after service of the objections.  The court will

26   then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

27   advised that failure to file objections within the specified time may waive the right to appeal the

28   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

1  IT IS SO ORDERED.

2  **Dated:   July 14, 2008**                    /s/  **William M. Wunderlich**
                                       UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28